UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES | : | CRIMINAL NO. 3:03CR3(EBB) |
| | : | |
| vs. | : | |
| | : | April 15, 2005 |
| ANTHONY D. AUTORINO | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
IN CAMERA AND IN LIMINE MOTIONS**

I.   Introduction

On March 4, 2005, the Government filed an In Camera Motion Requesting Hearing Regarding Conflict of Interest. In that Motion, the Government raised the possibility that defendant's counsel might have a conflict of interest if evidence were admitted concerning remedies available to the FDIC after discovering the cancellation of the stock certificates at issue in this case.

On March 11, 2005, the Government filed a Motion In Limine to Exclude Evidence concerning the potential remedies available to the FDIC as a holder of the cancelled certificates.

The Motion also seeks to exclude evidence of misconduct by outside counsel representing the FDIC and its successor.

Defendant respectfully requests that these Motions be denied, for the following reasons.

II.   <u>The Remedies Available To The FDIC</u>

All counts of the Indictment relate to Mr. Autorino's signing, in July 1993, of a Lost Stock Certificate Affidavit and Agreement ("Lost Certificate Agreement") prepared by, and returned to, a stock transfer agent.  The Lost Certificate Agreement stated that several stock certificates had been lost or misplaced and resulted in the issuance of replacement certificates.  The Government contends that because Mr. Autorino had pledged stock evidenced by two of the original certificates to the FDIC as collateral for two promissory notes, the submission of the Lost Certificate Agreement was "criminal."

By its language, the Indictment specifically alleges that Mr. Autorino's July 1993 action rendered the stock certificates "valueless."  Indictment, Counts I-V, ¶¶ 14, 19-21; Count I, ¶ 22; Count V, ¶ 25; Count VI, ¶¶ 15-16; Count VII, ¶ 16.

However, as this Court has ruled, Mr. Autorino's actions did <u>not</u> render the stock certificates "valueless."  <u>Rulings on Motion to Dismiss</u> (May 7, 2003); <u>see</u> UCC § 8-405. Although the Second Circuit Court of Appeals reversed this Court's ruling dismissing the Indictment, <u>U.S.</u> v. <u>Autorino</u>, 381 F.3d 48 (2d Cir. 2004), it did not disagree with this Court's conclusion that the stock certificates were not "valueless."  The language of the Indictment has not

changed. It alleges that Mr. Autorino's actions "cancelled" and "rendered valueless" the stock certificates. As long as the Indictment alleges that Mr. Autorino's actions rendered the stock certificates "valueless," the defendant may introduce evidence to show that the allegation is wrong. Thus, the Motion In Limine to exclude evidence that Mr. Autorino's actions did not render the stock certificate valueless should be denied. The Government has chosen the language of the Indictment, and is therefore bound by it.

Further, the Government's concerns that the introduction of evidence to prove that its allegations concerning the stock certificates being rendered "valueless" would create a conflict of interest for defendant's counsel are without merit. The FDIC, whose interests the Government are advancing in this criminal case, received legal and other expert advice that it could proceed to realize on its collateral, despite the filing of the Lost Certificate Agreement. There is no reason for Attorney Nolan, whose law firm is representing the defendant, to testify to this legal truism. Further, defendant has the ability to call as a witness a law professor or other expert should he decide that such a witness was necessary.[1]

---

[1] As this Court correctly found in its Ruling on Motion to Dismiss, the Uniform Commercial Code clearly provides that, as a matter of law, the stock certificates were not rendered "valueless" by Mr. Autorino's actions. The Court of Appeals decision did not address this conclusion. Interestingly, there would not be an issue if, as the Second Circuit suggested during oral argument, the Government were to simply supersede the Indictment to allege that the stock certificates "had been diminished in value" instead of "rendered valueless."

III.  The Actions Of The FDIC's Outside Counsel

The Government has also moved to preclude evidence concerning the actions of the outside counsel to the FDIC and its successor in interest.

At this time, the defendant does not know what evidence the Government will introduce concerning the actions of the FDIC's outside counsel. Accordingly, the defendant does not know what evidence he will have to introduce in rebuttal. Thus, the Government's Motion In Limine is premature. The scope of the evidence concerning the actions of the FDIC's counsel will be established by the Government's presentation at trial.

Further, the defendant does not, based upon the evidence currently available to him, intend to present evidence concerning any actions by FDIC's outside counsel after the time that defendant's law firm became involved in the civil litigation brought by the FDIC.

Accordingly, the Government Motion In Limine to preclude evidence concerning the actions of FDIC's outside counsel should be denied.

IV.  Disqualification Of Defendant's Counsel

For the reasons previously discussed, the Government's concerns about the possible conflict of interest of defendant's counsel should be dismissed. Unless the Government affirmatively decides to put the role of defendant's law firm in the civil litigation in play, there is no conceivable conflict.

Further, the potential conflicts raised by the Government have long been known to the Government. For the Government to raise these issues on literally the eve of trial would work a manifest injustice on the defendant in violation of this Sixth Amendment Right to Counsel. See United States v. Newman, 534 F. Supp. 1113, 1127 (S.D.N.Y. 1982) (undue delay and prejudice may bar effort to disqualify counsel in case shortly scheduled for trial), aff'd, 722 F.2d 729 (2d Cir.), cert. denied, 464 U.S. 863 (1983); Brown & Williamson Tobacco Corp. v. Pataki, 152 F. Supp.2d 276, 290 (S.D.N.Y. 2001) (delay and resulting prejudice to trial preparation confirmed decision to deny disqualification).

V.      Conclusion

For the foregoing reasons, the Government's In Camera and In Limine Motions should be denied.

                                         DEFENDANT,
                                         ANTHONY AUTORINO

                                         By      /s/
                                                  Stanley A. Twardy, Jr. (ct05096)
                                                  John B. Nolan (ct05583)
                                                  Edgardo Ramos (ct23984)
                                                  Day, Berry & Howard LLP
                                                  One Canterbury Green
                                                  Stamford, CT  06901
                                                  (203) 977-7300
                                                  His Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed via facsimile and first-class mail, postage prepaid, on this date to:

> James G. Genco Esq.
> Thomas V. Daily Esq.
> Assistant United States Attorneys
> Office of the United States Attorney
> Federal Building & U.S. Courthouse
> 450 Main Street
> Hartford, CT  06103

_____/s/_____
Stanley A. Twardy, Jr.