UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 3:03CR3(EBB) |
| | : |
| ANTHONY D. AUTORINO | : May 19, 2005 |

**UNITED STATES' OBJECTION TO DAY, BERRY & HOWARD'S
REQUEST TO WITHDRAW AS COUNSEL AND REQUEST FOR A HEARING**

On May 17, 2005, this Court issued an Order noting that it had been informed that the defendant was obtaining new counsel and directing that new counsel file an appearance on or before May 23, 2005. The Court's Order followed a brief conference call on Thursday, May 12, 2005, wherein Stanley A. Twardy, Jr. of Day, Berry & Howard, counsel for defendant Autorino, advised the Court that the defendant had decided to obtain new trial counsel and also sought leave to withdraw as counsel. Counsel for the defendant did not provide the Court with any basis for the defendant's decision to obtain new counsel and/or reason for Day, Berry and Howard's request to withdraw.

As this Court is aware, the grand jury returned an indictment in this case over two years ago, on January 7, 2003. In addition, the trial in this case is scheduled to commence in less than one month, on June 14, 2005. Numerous witnesses are under trial subpoena and have been required to be available for the two week period of potential trial. The parties have been aware of ths trial date for several months. During the above mentioned conference call, this Court, in fact, stated that it would be displeased if defendant filed a motion to continue the trial date. Because there is no record

setting forth the basis for the request for new counsel on the eve of trial, together with the fact that new counsel will, in all likelihood, request a continuance of the trial, the Government must object to Day, Berry & Howard's request to withdraw as counsel.

As this Court is aware, "judges have an obligation to ensure that requests on the eve of trial for appointment of a new attorney are not allowed to become a vehicle for achieving delay." United States v. Arena, 180 F.3d 380, 397 (2d Cir. 1999). Moreover, "[t]he denial of a defendant's request for a continuance will not be reversed absent a showing of both arbitrariness and of prejudice to the defendant." Id.

Based on the foregoing, the Government respectfully requests that the Court hold a hearing to determine the basis for Day, Berry & Howard's request to withdraw on the eve of trial and the defendant's request for new counsel.

        Respectfully submitted,

        JOHN H. DURHAM
        DEPUTY UNITED STATES ATTORNEY

By: _____
    H. GORDON HALL
    ASSISTANT UNITED STATES ATTORNEY
    FEDERAL BAR NO. ct05153

For: THOMAS V. DAILY
     ASSISTANT UNITED STATES ATTORNEY
     FEDERAL BAR NO. ct03467

     JAMES G. GENCO
     ASSISTANT UNITED STATES ATTORNEY
     FEDERAL BAR NO. ct00360
     450 Main Street, Room 328
     Hartford, CT 06103
     (860) 947-1101

## CERTIFICATION OF SERVICE

  I hereby certify that a copy of the above and foregoing has been telefaxed and mailed, postage prepaid, on this 19th day of May, 2005 to:

Stanley A. Twardy, Jr., Esq. (facsimile 203-977-7301)
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

        By: _____
           H. GORDON HALL
           ASSISTANT UNITED STATES ATTORNEY
           FEDERAL BAR NO. ct05153

        For: THOMAS V. DAILY
           ASSISTANT UNITED STATES ATTORNEY

           JAMES G. GENCO
           ASSISTANT UNITED STATES ATTORNEY