FILED

2005 JAN -4  A 11: 25

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :
                                  :
v.                                : CRIMINAL NO. 3:03CR3(EBB)
                                  :
ANTHONY D. AUTORINO               :

## AGREED PROTECTIVE ORDER

This matter comes before the Court upon request of the Federal Deposit Insurance Corporation, together with the United States of America and the defendant Anthony D. Autorino, for entry of a protective order relating to certain documents which the Federal Deposit Insurance Corporation claims to be privileged as attorney client communications, deliberative process documents, and attorney work product. In support of this motion the parties state the following:

A. The United States of America is currently in possession of several thousand Federal Deposit Insurance Corporation documents which were identified as privileged in the course of now completed civil litigation between the Federal Deposit Insurance Corporation and the defendant ("FDIC privileged documents").

B. The Federal Deposit Insurance Corporation continues to assert a claim of privilege with respect to these documents.

C. In order comply with the its obligations and mandate under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government desires to permit the defendant an opportunity to review the FDIC privileged documents to determine whether the defendant views any of the documents as within the purview of *Brady,* while at the same time preserving the Federal Deposit Insurance Corporation's privilege.

D. To facilitate this review of the FDIC privileged documents, the Defendant agrees to the review procedure set forth in this proposed order and not to disclose any privileged document without prior approval of this Court under the procedure set forth herein.

E. All parties agree that the entry of this order is appropriate at this time.

NOW, THEREFORE, IT IS HEREBY ORDERED that this Agreed Protective Order shall govern review and disclosure of the privileged documents, without prejudice to any party's right to seek to modify or vacate this order in the course of this case:

1. The FDIC privileged documents will be made available for review by defendant for determination as to whether any documents contain Brady information. Such review will not be considered a waiver of any privilege by the FDIC. Following a review, the defendant may request production of any documents he contends are Brady material.

2. Before production of any privileged document, the Government may designate as "Confidential" any document that it produces and that may contain privileged, confidential personal, business or financial information, or other confidential information that is not generally available to the public or third parties. Any summary or other compilation of such document shall also be "Confidential." All material described above in this paragraph shall be referred to collectively as "Confidential Information."

3. Confidential Information shall be used only for purposes of this case, and shall not be used for any other purpose or in any other proceeding of any kind, and shall not be disclosed to anyone except the following:

(A) The parties to this case;

(B) Counsel of record in this case, including legal assistants and clerks for such counsel;

(C) Any person, including experts and consultants, employed or retained by counsel of record or a party to this case to whom it is necessary to disclose such information for the purpose of prosecuting or defending this case;

(D) The United States District Court for the District of Connecticut and its officers, court reporters, and court personnel.

4. The review of the FDIC privileged documents and any production of Confidential Information pursuant to this Agreed Protective Order, and any other Order entered by this Court shall not be deemed a waiver of any privilege associated with the documents or information produced or any privileges involving similar subject matter.

5. The Government may designate documents or other discovery material "Confidential" in the following manner.

Documents may be designated by conspicuously affixing the legend "Confidential" to the first page of any document containing any Confidential Information. It is understood by the parties that every page of a document shall be treated as confidential if protected information is contained anywhere within that document; provided, however, that the defendant may move the Court for an Order determining that a specified page or pages within a designated document are not entitled to protection. Before seeking such an Order, the defendant shall confer with the Government to determine whether an agreement can be reached that a specified page or pages within a designated document are not entitled to protection.

6. As used herein, the term "privileged" refers to the attorney-client privilege, work product privilege, deliberative process privilege, investigative privilege, or any other applicable privilege that would make the information or documents immune from discovery in whole or in part.

7. Should any Confidential Information be inadvertently disclosed to any person or party not authorized under this Order to receive such Confidential Information, then the party that made such inadvertent disclosure shall immediately use its best efforts to retrieve such Confidential Information and all documents or other materials containing that Confidential Information from the person to whom it was inadvertently produced.

8. No Confidential Information shall be filed in the public record of this case or otherwise publicly disclosed in this case without leave of the Court or by agreement of the parties. If the defendant identifies any privileged document as Brady material and desires to publicly disclose it as part of this case, he may request a hearing be held by this Court to determine whether said material is in fact Brady and whether said material may be disclosed in Court at trial. All Confidential Information that is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to the action, the word "CONFIDENTIAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to the Order of the Court and contains Confidential Information filed, in this case by [name of party] and is not to be opened or the contents thereof, to be displayed or revealed except by order of the Court."

Such pleadings or other filed papers shall be kept under seal by the Clerk of this Court until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. However, the Parties may provide this Court with a courtesy copy of a court submission that refers to or include Confidential Information, so long as the first page of the submission contains the marking, "Courtesy Copy to Judge Original Filed Under Seal." An inadvertent filing of Confidential Information in the public record shall not be deemed a violation of this Order and may be corrected by either promptly sealing the

Confidential Information or by agreement of the parties that the document or documents are no longer deemed to be confidential.

9. If another court or administrative agency subpoenas or orders production of any discovery materials that the defendant has obtained under the terms of this Order, the defendant shall promptly notify the Government of the pendency of such subpoena or order sufficiently in advance of any turnover of such materials to permit the Government to take appropriate action.

10. Nothing in this Order is intended to preclude the Government from using Confidential Information for any purpose.

11. Prior to submission to the Court of any motion contemplated by this Order, the parties agree to first attempt to resolve any such disputes in good faith on an informal basis.

12. Within sixty (60) days after the final conclusion of this case, including any appeals, the original and all copies of each document and thing, which contains Confidential Information shall (unless contrary to the Court's rulings in this action) be returned to the producing party, or counsel of record shall certify in writing that such materials have been destroyed. Counsel of record may retain a complete set of documents admitted into evidence or filed with the Court.

13. This Order shall survive the final conclusion, of this case and continue in full force and effect, and this Court shall retain jurisdiction to enforce this Order.

DONE AND ORDERED this __4th__ day of ~~December 2005.~~ January, 2006

_____
HON. ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE


AGREED:


United States of America

By: _____
Thomas V. Daily
Assistant United States Attorney


By: _____
James G. Genco
Assistant United States Attorney


Federal Deposit Insurance Corporation


By: _____
Thomas Holzman
Counsel


Defendant Anthony D. Autorino

By: _____
Hugh Keefe, Esq.
Counsel for the Defendant

13. This Order shall survive the final conclusion, of this case and continue in full force and effect, and this Court shall retain jurisdiction to enforce this Order.

DONE AND ORDERED this _____ day of December 2005.

 

_____
HON. ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

AGREED:

United States of America            Defendant Anthony D. Autorino

By: _____      By:_____
    Thomas V. Daily                           Hugh Keefe, Esq.
    Assistant United States Attorney       Counsel for the Defendant

By: _____
    James G. Genco
    Assistant United States Attorney

Federal Deposit Insurance Corporation

By: _____
    Thomas Holzman
    Counsel