UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :          CRIMINAL NO. 3:03CR3 (EBB)

V.                                                    :

ANTHONY D. AUTORINO               :          JANUARY 10, 2006

**DEFENDANT'S REQUESTS TO CHARGE**

**A.     INTRODUCTION**

You have now heard all of the evidence in the case and the final arguments of counsel.  This brings us to the stage in the trial where you will soon undertake your final function as jurors.  First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you.  If any attorney or any witness or any exhibit has stated a legal principle different from one that I state to you in these instructions, it is my instructions that you must follow.  Any witness' testimony concerning the law was testimony of his understanding of the law and is to be considered by you only with regard to his understanding or knowledge.  You must take the law as I give it to you and my instructions only should guide you in terms of your deliberations involving the law.

When you recess to deliberate, you will have a copy of my instructions on the law for your reference.  You must remember, though, that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration.  The instructions that I now will give are the final and complete instructions.  I believe that everything I am going to tell you now is consistent with the instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different that I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

B.    **ROLE OF JURORS**

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me.  You must take the law as I give it to you.  You must carefully and impartially consider all of the evidence in the case and apply the law as stated by the court to reach a just verdict.

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice or sympathy, solely upon the evidence in the case and the applicable law.  All persons and parties stand equal before the law and are to be dealt with as equals in a court of justice.  I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be.  The rulings I have made during the trial are not any indication of a view of what your decision should be as to whether or not the government has proven its case.  Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I asked questions of or gave instructions to certain witnesses.  These questions and instructions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should

render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>,
§ 2.01 (Rev. 2003)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
-5-

## C.     ALL PARTIES EQUAL BEFORE THE LAW

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand equal before the law and are to be treated as equals in this, a court of justice.

Adapted from Sand, et al.
<u>Modern Federal Jury Instructions</u> (Rev. 2003)

## D.     PRESUMPTION OF INNOCENCE

I instruct you that you must presume the defendant to be innocent of the crimes with which he is charged.  Thus, a defendant, although accused of a crime in the indictment, begins the trial with a "clean slate," that is, with no evidence against him. The indictment is not evidence of any kind.  The defendant has pled not guilty to the crimes contained in the indictment.

A defendant is, of course, not on trial for any act or crime not contained in the indictment.  As a result of the defendant's plea of not guilty, the burden is on the government to prove guilt beyond a reasonable doubt.  That burden never shifts to the defendant for the simple reason that the law never imposes on a defendant in a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
– 6 –

criminal case the burden or duty of calling any witness on producing any evidence.  The

presumption of innocence alone, therefore, is sufficient to acquit a defendant unless

you as jurors are unanimously convinced beyond a reasonable doubt after careful

impartial consideration of all the evidence in this case. The defendant does not have to

prove to you that he is innocent of the charges.

L. Sand et al. (2003);
Taylor v. Kentucky, 436 U.S. 478 (1978);
United States v. Catlett, 97 F.3d 565 (D.C. Cir. 1996); United States v. Corre, 543 F.2d
1042 (2d Cir. 1976).

**E.    BURDEN OF PROOF BEYOND A REASONABLE DOUBT**

The burden is always upon the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is: what is a reasonable doubt?  The words almost define themselves.  It is a doubt based on reason and common sense.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy. Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged against him in the indictment, you must find the defendant not guilty of the offense charged.  The law does

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
– 8 –

not require the government to prove guilt beyond all <u>possible</u> doubt, proof beyond a

reasonable doubt is sufficient to convict.  The absence of evidence is a valid basis for

reasonable doubt.  Your verdict must be based solely upon the evidence or the lack of

evidence developed at trial.  Reasonable doubt is present if one does not have an

abiding conviction of the defendant's guilt.  If the jury views the evidence in the case as

reasonably permitting either of two conclusions—one of innocence, the other of guilt—

the jury must adopt the conclusion of innocence and must acquit the defendant.

<u>Sand</u>, et al., <u>Modern Federal Jury Instructions</u> (2003);
<u>United States v. Edelin</u>, 996 F.2d 238 (D.C. Cir. 1993);
<u>United States v. Birbal</u>, 62 F.3d 456 (2d Cir. 1995);
<u>United States v. Castillo</u>, 14 F.3d 802, 807 (2d Cir. 1994);
<u>United States v. Inserra</u>, 34 F.3d 83, 91 (2d Cir. 1994).

**F.    NEED FOR UNANIMITY**

To prevail against the defendant on any charge, the government must prove the essential elements of that offense beyond a reasonable doubt.  If it succeeds, your verdict must be guilty; if it fails, your verdict must be not guilty.  To report a verdict, it must be unanimous.

Each of you must decide the case for yourself, after consideration of the evidence in the case with your fellow jurors.  You should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.  However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict on each count and each act in the indictment, whether guilty or not guilty, must be unanimous.

Adapted from <u>Sand</u>, et al,<u>Modern Federal Jury Instructions</u> (2003)

## G.    INDICTMENT NOT EVIDENCE

This is a criminal case in which the United States Government charges that the defendant committed the crimes set forth in a document known as the indictment.  An indictment is only the government's claim that a crime was committed by the defendant; it is not evidence.  You should not consider the indictment as evidence that the defendant committed the crimes charged.  In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

United States v. Hephner, 410 F.2d 930 (7th Cir. 1969);Sand, et al., Modern Federal Jury Instructions, Vol. 1, § 3.1, 3-1 (Rev. 2003)

## H. WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

It is the witness' answers and not the lawyer's questions that are evidence.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if an attorney described a witness' testimony, you should not accept that description as the witness' testimony. It is your recollection of the witness' testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their closing arguments, in their objections, or in their questions is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict. In certain instances evidence may have been admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Exhibits which have been marked for identification may not be considered by you as evidence unless and until they have been received in evidence by the court. Materials brought forth only to refresh a witness' recollection are not evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the court, and any testimony or exhibit ordered stricken by the court, must be entirely disregarded.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence. My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard outside the courtroom or while the court was not in session is not evidence and must be entirely disregarded. You are to decide the case solely on the evidence received at trial.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>(Rev. 2003)

## I.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed.  In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer on the basis of reason, experience, and common sense, from established facts—in my example, a weather forecast and people with wet umbrellas and raincoats—the existence or non-existence of some other fact—that it has been raining.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant of a crime, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case. Adapted from Sand, et al. <u>Modern Federal Jury Instructions</u>,(Rev. 2003)

**J.      INFERENCES**

During the trial you have heard the term "inference," and in the attorneys' arguments, they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defendants ask you to draw others.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw, but are not required to draw, from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from such evidence, you must

be satisfied of the guilt of a defendant beyond a reasonable doubt before you may

convict him.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions</u> § 6.01, Inst. 6-1(Rev. 2003)

**K.     WITNESSES**

Your decision on the facts of this case should not be determined by the number

of witnesses testifying for or against a party.  You should consider all the facts and

circumstances in evidence to determine which of the witnesses you choose to believe

or not believe.  You may find the testimony of a single witness more credible than the

testimony of a number of witnesses.  Indeed, you may find that the government has not

met its burden of proof even when a defendant calls no witnesses.  You should also

remember my instruction that the law does not impose on a defendant in a criminal

case the burden or duty of calling any witnesses or producing any evidence.  It is not up

to the defendant to prove his innocence.  Rather, the burden remains on the

government to prove, beyond a reasonable doubt, the defendant's guilt.

You have had the opportunity to observe all the witnesses called by the

government and the defendant.  It is now your job to decide how believable each

witness was in his or her testimony.  You and you alone are the judges of the credibility

of each witness, which testimony to believe and which not to believe, and the importance of a witness' testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine truthfulness?  When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination.  What impression did the witness give you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear?  What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party.  Evidence that a witness is biased, prejudiced, or hostile toward a defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching

scrutiny.  You should also consider the opportunity the witness had to see, hear, and know the things about which he or she testified; the accuracy of the witness' memory; his or her candor or lack of candor; his or her intelligence or the lack thereof and the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness, whose testimony you are considering, may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with care.  Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider

whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness' testimony, you should use your common sense, your good judgment, and your own life experience.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions</u>, Vol. 1 (Rev. 2003)

## L.    IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT *(If Applicable)*

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of any of the testimony to believe.

<u>U.S. v. McDonald</u>, 620 F.2d 559, 565; <u>O'Malley, et al.</u>, <u>Federal Practice and Instructions</u>, Vol. 1A, § 15.06 (2000)

**M.    TESTIMONY OF LAW ENFORCEMENT OFFICERS *(If Applicable)***

Some of the testimony that you have heard has been the testimony of present or former agents of the Federal Bureau of Investigation.  The testimony of a law enforcement officer is entitled to no greater or lesser weight than any other witness' testimony.  A law enforcement officer who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does. When you consider a law enforcement officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.  It is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions</u>, Vol. 1,§ 7-16 (Rev. 2003)

**N.    BIAS OR HOSTILITY**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care and subject it to close and searching scrutiny.

Sand, et al.; <u>Modern Federal Jury Instructions</u>, Vol. 1, § 7.01, Inst. 7-2(Rev. 2003)

**O.    EXPERT WITNESSES**

You have heard testimony from an expert witness.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
-22-

of all the evidence in this case.  You should not, however, accept the witness' testimony

merely because he is an expert.  Nor should you substitute it for your own reason,

judgment, and common sense.  The determination of the facts in this case rests solely

with you.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions</u>,(Rev. 2003)


**P.    UNCONTRADICTED TESTIMONY**

You are not required to accept testimony even though the testimony is

uncontradicted and the witness is not impeached.  You may decide, because of the

witness' bearing and demeanor or because of the inherent improbability of his or her

testimony or for other reasons sufficient to you, that such testimony is not worthy of

belief.

On the other hand, the testimony of a single witness may be sufficient to

convince you beyond a reasonable doubt of the existence of an essential element of an

offense charged, if you believe that the witness has truthfully and accurately related

what in fact occurred.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions</u>(Rev. 2003)

**Q.    IMPEACHMENT OF WITNESSES**

A witness may be discredited -- in the law we use the term "impeached"—by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness' entire testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

It is exclusively your duty based upon all the evidence and your own good judgment to determine whether the prior statement was inconsistent, and if so, how

much if any weight to be given the inconsistent statement in determining whether to believe all past or none of the witness' testimony.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions </u>(Rev. 2003)

## R.     CONSIDER EACH COUNT SEPARATELY

As I have said, the indictment contains a total of seven counts.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Sand, et al.; <u>Modern Federal Jury Instructions</u>(Rev. 2003)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
–25–

## S.    CONDUCT OF COUNSEL

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

Adapted from Sand, et al.; <u>Modern Federal Jury Instructions </u>§ 2.01, 2-8 (Rev. 2003)

## T.     SPECIFIC OFFENSES

### I.     Count One – Fraud By Wire 18 U.S.C. 1343

Count One of the indictment charges the defendant with fraud by wire in violation

of 18 U.S.C. § 1343. Count One of the indictment reads as follows:

> On or about July 6, 1993, the defendant, Anthony D. Autorino, for the purposes
> of executing the scheme and artifice affecting a financial institution described
> above, caused to be transmitted by interstate wires a telefax communication
> from Jersey City, New Jersey to Wethersfield, Connecticut, that being a draft
> board resolution and agreement for execution by Anthony D. Autorino to permit
> the issuance of a replacement stock certificate upon the cancellation of
> certificate 1315.

For you to find the defendant guilty of wire fraud, you must be convinced that the

government has proven each of the following three elements beyond a reasonable

doubt:

> First, that the defendant, Anthony D. Autorino, engaged in a scheme,
> substantially as charged in the indictment, to defraud the FDIC or to obtain
> money or property by means of false or fraudulent pretenses;

> Second, the defendant's knowing and willful participation in this scheme with the
> intent to defraud; and

> Third the use of interstate wire communications, on or about the date alleged, in
> furtherance of this scheme.

<u>With respect to the first element</u>:

A "scheme" includes any plan, pattern or course of action.  The term "defraud" means to deprive another of something of value by means of deception or cheating.  A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.  It is a plan to deprive a person of something of value by trick, deceit, chicane or overreaching.

<u>McNally v. United States</u>, 483, U.S. 350, 358 (1987); <u>Hammerschmidt v. United States</u>, 265 U.S. 182, 188 (1924).

The term "false or fraudulent pretenses" means any false statements or assertions that concern a <u>material</u> aspect of the matter in question, that were either known to be untrue <u>when</u> <u>made</u> or made with reckless indifference to their truth and that were made with the intent to defraud.

A "material" falsehood is one that has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed.  For information to be "material," it must be of some independent value or must bear on the ultimate value of a transaction.

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278
C:\Documents and Settings\TConte\Local Settings\Temporary Internet Files\Proposed Jury Instructions.doc
-28-

<u>With respect to the second element</u>:

A defendant acts "knowingly" if he was conscious and aware of his actions, realized what he was doing and did <u>not</u> act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.  Thus, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278
C:\Documents and Settings\TConte\Local Settings\Temporary Internet Files\Proposed Jury Instructions.doc
– 29 –

made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent.

<u>With respect to the third element</u>:

"Interstate [or foreign] wire communications" include telephone or facsimile communications from one state to another and also includes a wire transfer of funds between financial institutions.  The wire must be incident to an essential part of the scheme.

A wire that occurs after the scheme has been carried out cannot be considered in furtherance of the scheme.

<u>Pereira v. United States</u>, 347 U.S. 1, 8 (1954); <u>Kahn v. United States</u>, 323 U.S. 88 (1944).

The government must prove beyond a reasonable doubt that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment; <u>and</u> that the use of the wire communications facilities in interstate commerce on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate telefax to be made in an attempt to execute or carry out the scheme.

Specifically, then, before you can find the defendant, Anthony D. Autorino, guilty of wire fraud as alleged in Count One of the Indictment, you must find that the government has proven beyond a reasonable doubt that on July 6, 1993, the defendant, Anthony D. Autorino, engaged in a scheme to defraud the FDIC, that is, to deprive the FDIC of the value of the stock certificate, and that he did so knowingly, with the specific intent to defraud the FDIC, and that, in furtherance of that scheme, he caused to be transmitted by interstate wires a telefax communication from Jersey City, New Jersey to Wethersfield, Connecticut, that being a draft board resolution.

If you find that the government has failed to prove even one of these elements beyond a reasonable doubt, then you must return a verdict of not guilty on Count One. For example, if you believe that the defendant may have acted out of ignorance, negligence or mistake, then the government has failed to prove to you that the defendant acted "knowingly."  Therefore, the government would have failed in its burden and you would be required to return a verdict of not guilty on this count.

## II.     COUNT TWO – Fraud By Wire 18 U.S.C. 1343

Count Two of the indictment also charges the defendant with fraud by wire in

violation of 18 U.S.C. § 1343. Count Two of the indictment reads as follows:

> On or about July 6, 1993, the defendant, Anthony D. Autorino, for the purposes
> of executing the scheme and artifice affecting a financial institution described
> above, caused to be transmitted by interstate wires a telefax communication
> from Wethersfield, Connecticut to Jersey City, New Jersey, that being a "Lost
> Security Affidavit and Indemnification Agreement" in which the defendant
> Anthony D. Autorino swore that certificate 1315 "has been lost or destroyed and
> cannot be found" and that neither he nor his agents or employees "has assigned,
> sold, pledged, hypothecated or otherwise disposed of or transferred or executed
> a transfer of the original certificate."

The elements of the offense in Count Two are the same as those in Count One,

namely, the Government is required to prove, beyond a reasonable doubt:

> <u>First</u>, that the defendant, Anthony D. Autorino, engaged in a scheme,
> substantially as charged in the indictment, to defraud the FDIC or to obtain
> money or property by means of false or fraudulent pretenses;

> <u>Second</u>, the defendant's knowing and willful participation in this scheme with the
> intent to defraud; and

> <u>Third</u> the use of interstate wire communications, on or about the date alleged, in
> furtherance of this scheme.

 Therefore, before you can find the defendant guilty of wire fraud as alleged in

Count Two of the Indictment, you must find that the government has proven beyond a

reasonable doubt that on July 6, 1993, the defendant, Anthony D. Autorino, engaged in a scheme to defraud the FDIC and that he did so knowingly with the specific intent to defraud the FDIC and that, in furtherance of that scheme, he caused to be transmitted by interstate wires a telefax communication from Wethersfield, Connecticut to Jersey City, New Jersey, that being a "Lost Security Affidavit and Indemnification Agreement."

If you find that the government has failed to prove even one of these elements beyond a reasonable doubt, then you must return a verdict of not guilty on Count Two.

### III.    Third Count – Fraud By Wire 18 U.S.C. § 1343

The Third Count also charges the defendant, Anthony D. Autorino, with fraud by Wire in violation of 18 U.S.C. 1343.  The Third Count of the Indictment reads as follows:

> On or about March 12, 1998, the defendant, Anthony D. Autorino, for the purpose of executing the scheme and artifice describe above, caused to be transmitted by interstate wires from Florida to New York monies, as payment by the Moonlight Acquisition Corporation for all outstanding shares of stock in Shared Technologies Fairchild, including the shares then owned by the defendant Anthony D. Autorino.

Again, the elements of the offense in Count Three are the same as those in Counts One and Two, namely, the Government is required to prove, beyond a reasonable doubt:

<u>First</u>, that the defendant, Anthony D. Autorino, engaged in a scheme, substantially as charged in the indictment, to defraud the FDIC or to obtain money or property by means of false or fraudulent pretenses;

<u>Second</u>, the defendant's knowing and willful participation in this scheme with the intent to defraud; and

<u>Third</u> the use of interstate wire communications, on or about the date alleged, in furtherance of this scheme.

Therefore, before you can find the defendant guilty of wire fraud as alleged in Count Three of the Indictment, you must find that the government has proven beyond a reasonable doubt that on March 12, 1998, the defendant, Anthony D. Autorino, engaged in a scheme to defraud the FDIC, and that he did so knowingly with the intent to defraud the FDIC and that, <u>in furtherance of</u> that scheme, he caused a wire by telefax, namely, the payment of monies, to be sent from Florida to New York. *Recall that a wire that occurs after the scheme has been carried out cannot be considered in furtherance of the scheme.*

If you find that the government has failed to prove even one of these elements beyond a reasonable doubt, then you must return a verdict of not guilty on Count Three.

### IV.  Count Four – Bank Fraud 18 U.S.C. § 1344

Count Four of the Indictment charges the defendant, Anthony D. Autorino, with

Bank Fraud in violation of 18 U.S.C. § 1344.  Count Four reads in pertinent part as

follows:

> At all times relevant to this indictment, the FDIC acted as a financial institution within the meaning of Title 18 U.S.C., Sections 20 and 1344.
>
> From on or about July, 1993, through and including March 1998, the defendant Anthony D. Autorino devised a scheme and artifice described above to obtain monies, securities, and properties under the custody and control of the FDIC by means of false representations.

To prove the defendant guilty of Bank Fraud as alleged in Count Four, the Government

is required to prove, beyond a reasonable doubt:

> <u>First</u>, the financial institution was federally insured or was a federal reserve bank or a member of the federal reserve system;
>
> <u>Second</u> the defendant engaged in a scheme, substantially as charged in the indictment, to defraud the financial institution or made false statements or misrepresentations to obtain money from that institution;
>
> <u>Third</u>, that the defendant acted knowingly; and
>
> <u>Fourth</u>, that the defendant made a material misrepresentation to the bank.

<u>United States v. Shannon</u>, 836 F.2d 1125, 1129-30 (8th Cir. 1988); <u>United States v. Hudson</u>, 813 F.Supp. 1482 (D. Kan.1993); <u>United States v</u>. Campbell, 64 F.3d 967, 975 (5th Cir. 1995); <u>United States v. Heath</u>, 970 F.2d 1397, 1403 (5th Cir. 1992).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
–35–

The defendant stipulates that the financial institutions at issue were federally insured.  Therefore, you are to find that fact as true.  As for the second and third elements, that the defendant engaged in a scheme to defraud, and that he acted knowingly, you are to apply and should refer to the definitions that I gave to you in my instruction on Count One as those definitions apply with equal force here.  Thus, the government must prove beyond a reasonable doubt that the defendant engaged in a "scheme" as I described that term for you earlier, and that he <u>knowingly</u>, that is, he consciously intended, to defraud the FDIC.  In other words, if the defendant may have acted due to ignorance, mistake or accident, then you may not find that he acted knowingly. Further, the government must prove to you that the defendant made an affirmative misrepresentation <u>to the FDIC</u>.  It is not sufficient if you find only that the defendant made a misrepresentation to someone else or to some other entity.  Nor is it sufficient if you find only that the defendant failed to disclose information.  Rather, you must find that the government proved that the defendant affirmatively made a misrepresentation to the FDIC.

Therefore, to find the defendant guilty of bank fraud as alleged in Count Four of the Indictment, you must find that the government has proven, beyond a reasonable doubt, that from on or about July 6, 1993 through and including March 1998, the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
-36-

defendant, Anthony D. Autorino, engaged in a scheme to defraud the FDIC, for the

purpose of obtaining money, and that he did so knowingly, with the specific intent to

defraud the FDIC and that, in furtherance of that scheme, he affirmatively made

material, false representations to the FDIC.  Remember, you must return a verdict of

not guilty unless you find that the government proved each of these elements beyond a

reasonable doubt.

### V.     Count Five – False Statement to the FDIC 18 U.S.C. § 1007

Count Five charges the defendant with making a false statement to the FDIC in

violation of 18 U.S.C. § 1007.  Count Five reads in pertinent part as follows:

> From about July 26, 1993 through and including March 1998, in the
> District of Connecticut, the defendant, Anthony D. Autorino, for the
> purpose of influencing the action of the FDIC, knowingly made and invited
> reliance on a false statement, document and thing, that being Shared
> Technologies stock certificate 1315, which he then well knew to have
> been cancelled and which he failed to disclose to the FDIC as receiver for
> Central Bank.

To prove the charge of making a false statement to influence the FDIC, the

government must prove the following:

First, that the defendant knowingly made or invited reliance on a false statement;

Second, that the defendant did so for the purpose of influencing in any way the

action of the FDIC.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
−37−

<u>United States v. Haddock</u>, 956 F.2d 1534, 1542 (10th Cir. 1992).

Again, for the defendant to have acted knowingly, you must find that he acted with full and conscious knowledge and that his actions were not the result of mistake, negligence or accident.  For a statement to be false, you must find that it was untrue <u>when it was made</u>.  It is not enough for the defendant to have failed to do something. Rather, you must find that he affirmatively made a false statement.

Therefore, to find the defendant guilty of making a false statement to the FDIC in violation of 18 U.S.C. § 1007, the government must prove to you beyond a reasonable doubt that the defendant knowingly and affirmatively made a statement to the FDIC, that the statement was false when he made it and then he knowingly made that false statement for the purpose of influencing the FDIC.    If the government fails to prove even one of these elements to you beyond a reasonable doubt, then you must return a verdict of not guilty on Count Five.

### VI.    Count Six - False Statement to the FDIC 18 U.S.C. § 1007

Count Six also charges the defendant with making a false statement to the FDIC.  Count Six reads, in pertinent part, as follows:

> From on or about November 1995, through July 17, 1996, in the District of Connecticut, the defendant, Anthony D. Autorino, for the purpose of influencing the FDIC, knowingly made and invited reliance on a false document, that being STI certificate 0959, which he then well knew to

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
–38–

have been cancelled and rendered valueless, which was not disclosed to the FDIC as receiver of New Bank of New England.

Again, to prove the charge of making a false statement to influence the FDIC, the government must prove the following:

First, that the defendant knowingly made or invited reliance on a false statement or document; and

Second, that the defendant did so for the purpose of influencing in any way the action of the FDIC.

Again, for the defendant to have acted knowingly, you must find that he acted with full and conscious knowledge and that his actions were not the result of mistake, negligence or accident.  For a statement to be false, you must find that it was untrue <u>when it was made</u>.  It is not enough for the defendant to have failed to do something. Rather, you must find that he affirmatively made a false statement.

Therefore, to find the defendant guilty of making a false statement to the FDIC in violation of 18 U.S.C. § 1007, the government must prove to you beyond a reasonable doubt that the defendant knowingly and affirmatively made a statement to the FDIC, that the statement was false when he made it and that he knowingly made the false statement for the purpose of influencing the FDIC in some way.  If the government fails

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278
C:\Documents and Settings\TConte\Local Settings\Temporary Internet Files\Proposed Jury Instructions.doc
–39–

to prove even one of these elements to you beyond a reasonable doubt, then you must return a verdict of not guilty on Count Six.

### VII.    Count Seven - False Statement 18 U.S.C. § 1014

Count Seven charges the defendant with making a false statement in violation of 18 U.S.C. § 1014.  Count Seven reads in pertinent part as follows:

> On or about July 17, 1996, in the District of Connecticut, the defendant Anthony D. Autorino made a false statement and willfully overvalued a security for the purpose of influencing the action of the FDIC in deferring legal action regarding loans originally made to the defendant by Sentinel Bank and Bank of New England, by falsely purporting that Shared Technologies stock certificate 0959 remained valuable, when in fact, as he then well knew, he had previously caused Shared Technologies stock certificate 0959 to be cancelled.

To prove the charge of making a false statement for the purpose of influencing a federal agency, the government must prove beyond a reasonable doubt:

First, that the defendant made or caused to be made a false statement upon an application or loan;

Second, that the defendant acted knowingly; and

Third, that the defendant made the false statement for the purpose of influencing in any way the action of the federal agency on that loan.

THE DEFENDANT


BY:_____
      Hugh F. Keefe, Esq.
      Federal Bar No. ct05106
      Nicole Fournier Gelston
      Federal Bar No. ct18550
      Lynch, Traub, Keefe & Errante
      52 Trumbull Street
      P.O. Box 1612
      New Haven, CT 06506
      (203) 787-0275
      (203) 782-0278 Fax
      hkeefe@ltke.com
      nfournier@ltke.com

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\TCONTE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\PROPOSED JURY INSTRUCTIONS.DOC
–41–

## CERTIFICATION

I hereby certify that a copy of the foregoing was hand delivered on January 10, 2006 to all counsel and pro se parties of record as follows:

Assistant United States Attorneys
James G. Genko, Esq.
Thomas V. Daily, Esq.
450 Main Street
Hartford, CT 06103

_____
Hugh F. Keefe