UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL No.: 3:03CR3 (EBB) |
| | : | |
| v. | : | January 10, 2006 |
| | : | |
| ANTHONY D. AUTORINO | : | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States, by and through the undersigned Assistant United States Attorneys,

hereby submits the following proposed jury instructions relating to the specific offenses charged

in the indictment in this case.  Anticipating that this Court will use its standard general

instructions applicable to all criminal cases, no such instructions are included herein.

Furthermore,  the Government respectfully requests leave to offer additional instructions as may

become appropriate during or at the conclusion of the trial.

Respectfully Submitted,

KEVIN  J. O'CONNOR
UNITED STATES ATTORNEY


THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, CT 06103
Tel. (860) 947-1101
Federal Bar No. ct03467


JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct00360

PROPOSED INSTRUCTION NO. 1

### Indictment and Statutes: Counts One through Three (Wire Fraud)

Counts One though Three charge that the defendant knowingly executed and attempted to execute a scheme to defraud the Federal Deposit Insurance Corporation through the use of interstate wire transmissions.  This part of the indictment reads:

**[Please read Counts One through Three of the Indictment]**

The relevant statute on this subject is Section 1343 of Title 18 of the United States Code.  It provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

_____

Sand, Instruction 44-1, as adapted; 18 U.S.C. § 1343.

PROPOSED INSTRUCTION NO. 2

<u>Purpose of Statute</u>

The purpose of the federal wire fraud statute is to prevent the use of interstate wires for fraudulent purposes.  A scheme to defraud may be punished under the federal wire fraud statute whether or not it also violates state law.

_____

Sand, Instruction 44-2, adapted.

PROPOSED INSTRUCTION NO. 3

Elements of the Offense

In order to sustain the charges contained in Counts One through Three the Government must prove each of the following elements beyond a reasonable doubt in each particular count:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

_____

Sand, Instruction 44-3, adapted.

PROPOSED INSTRUCTION NO. 4

First Element:  Existence of a Scheme or Artifice to Defraud

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme to defraud the Federal Deposit Insurance Corporation of money or property by means of false or fraudulent pretenses, representation, or promises.

The first element is almost self-explanatory.

A "scheme" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false statements, representations and claims concerning specific stock certificates.

A statement, representation, or claim is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

5

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation *or* failure to disclose must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material fact.  The Government need not, however, prove actual reliance upon the statement of fact, fraudulent half truths, or omissions of material fact.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated depriving another of money or property.  Moreover,  it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.  In this case, it so happens that the Government does contend that the proof establishes that the defendant did profit from his scheme. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

_____

Sand, Instructions 44-4, as adapted.  *See also Neder v. United States*, 527 U.S. 1, 25 (1999).

7

PROPOSED INSTRUCTION NO. 5

Second Element: Participation in Scheme with Intent

The second element that the Government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words,

8

his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendants is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not a defendant acted in good faith. You are instructed that if a defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of

the defendant that the scheme would ultimately make a profit will excuse fraudulent actions or false representations by him.

As a practical matter, then, in order to sustain the charges against a defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

The Government can also meet its burden of showing that a defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious purpose to avoid learning the truth.  If the Government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true.  This guilty, knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should acquit him. On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

_____

*See* Sand, Instruction 44-5, as adapted.

10

PROPOSED INSTRUCTION NO. 6

<u>Third Element:  Use of Interstate Wires</u>

The third and final element that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  The wire communication must pass between two or more states as, for example, a fax between Connecticut and California.

The use of the wires need not itself be a fraudulent statement.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to do the wiring.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the interstate wires to be used. The Government contends that it was reasonably foreseeable that the wires would be used in the ordinary course of business and therefore that the defendant caused the use of the wires.

With respect to the use of the wires, the Government must establish beyond a reasonable doubt the particular uses charged in the indictment.  However, the Government does

not have to prove that the wires were made on the exact date charged in the indictment.  It is

sufficient if the evidence establishes beyond a reasonable doubt that the wires alleged in a

particular count were made on a date substantially similar to the dates charged in the indictment.

_____

Sand, Instruction 44-7, as adapted.

PROPOSED INSTRUCTION NO. 7

Indictment and Statute: Count Four

The defendant is charged in Count Four of the Indictment with devising a scheme to defraud the Federal Deposit Insurance Corporation (FDIC), which was acting as a financial institution in connection with the acts charged therein. This part of the indictment reads:

**[Please read Count Four of the Indictment]**

The relevant statute on this subject is Section 1344 of Title 18 of the United States Code.  It provides:

Whoever knowingly executes, or attempts to execute, a scheme or artifice

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises shall be [guilty of a crime].

Sand, Instruction 44-8; 18 U.S.C § 1344.

13

PROPOSED INSTRUCTION NO. 8

Elements of the Offense

In order to prove the defendant guilty of the crime charged in the indictment, the government must establish each of the following elements beyond a reasonable doubt:

First, that there was a scheme to obtain money or funds owned by or under the custody or control of a financial institution (the Federal Deposit Insurance Corporation as Receiver for Central Bank in this case) by means of materially false or fraudulent pretenses, representations or promises, as charged in the indictment; and

Second, that the defendant executed or attempted to execute the scheme with the intent to defraud the Federal Deposit Insurance Corporation

_____

Sand, Instruction 44-9, adapted.

14

PROPOSED INSTRUCTION NO. 9


First Element: Scheme to Defraud

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a the FDIC  by means of false or fraudulent pretenses, representations or promises as described in the indictment. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

The fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts. The representations which the government charges were made as part of the scheme are set forth in paragraph 17 of the indictment, which I have already read to you. It is not required that every

15

misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves

beyond a reasonable doubt that one or more of the alleged material misrepresentations were made

in furtherance of the alleged scheme

_____

Sand, Instruction 44-10.

PROPOSED INSTRUCTION NO. 10

<u>Second Element: Intent to Defraud</u>

The second element the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme knowingly, willfully and with specific intent to defraud the FDIC.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence,

17

if believed, is of no less value than direct evidence. In either case, the essential elements of the

crime charged must be established beyond a reasonable doubt.

_____

Sand, Instruction 44-11.

PROPOSED INSTRUCTION NO. 11

Indictment and Statute: Counts Five and Six

The defendant is charged in Counts Five and Six with knowingly and willfully making false statements to the FDIC. The relevant part of the indictment reads:

**[Please read Counts Five and Six of the Indictment]**

The relevant statute on this subject is section 1007 of Title 18 of the United States Code. It provides:

Whoever, for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation, knowingly makes or invites reliance on a false, forged, or counterfeit statement, document, or thing, shall be [guilty of a crime].

18 U.S.C § 1007

19

PROPOSED INSTRUCTION NO. 12

_____ Purpose of the Statute

The purpose of section 1007 is to protect the Federal Deposit Insurance Corporation from any type of misleading or deceptive practice and from the adverse consequences which might result from such deceptive practices.

_____

Adapted from Sand, Instruction 36-1.

PROPOSED INSTRUCTION NO. 13

<u>Elements of the Offense</u>

In order to prove the defendant guilty of the crimes charged in these counts of the indictment, the government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant made or caused to be made a false statement or document;

Second, that he did so knowingly; and

Third, that he did so for the purpose of influencing an action of the Federal Deposit Insurance Corporation.

_____

<u>United States v. Taliaferro</u>, 979 F.2d 1399, 1405 (10th Cir. 1992)

PROPOSED INSTRUCTION NO. 14

First Element - Defendant Made False Statement

The first element that the government must prove beyond a reasonable doubt is that the that the defendant made or caused to be made a false statement or document. It is not necessary for the government to prove that the defendant personally made or physically wrote the statement or document. It is sufficient to satisfy this element if the government proves that the defendant caused the statement or document to be made and that the statement was untrue when made.

If you find that the defendant did not make the statement or document or cause it to be made, or if you find that the statement was not false, or if you have a reasonable doubt as to either aspect of this element, then it is your duty to acquit.

PROPOSED INSTRUCTION NO. 15

<u>Second Element: Statement Knowingly Made</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant "knowingly" made the statement or representation which you found to be false. It is not a crime to make a false statement inadvertently or negligently. Thus, before you can find that the government has established the second element, that the defendant acted knowingly, you must be satisfied beyond a reasonable doubt that the defendant, in making or causing the statement to be made, acted deliberately, intentionally, and understandingly; that is, that he knew what he was doing; that he knew the statement was false at the time it was made.

_____

Sand, Instruction 37-19.

PROPOSED INSTRUCTION NO. 16

Third Element: Statement Made for Purpose of Influencing FDIC

The third element that the government must prove beyond a reasonable doubt is that the false statement or document was made for the purpose of influencing in some way any action of the Federal Deposit Insurance Corporation.  In this regard you must find that the defendant in making the false statement or document intended in some way impact on an action or activity of the FDIC, which as the federally created receiver for failed banks, was tasked by statute with recovering assets and moneys due to the failed banks.

PROPOSED INSTRUCTION NO. 17


<u>                          Indictment and Statute: Count Seven</u>

The defendant is charged in Count Seven with making a false statement to the Federal Deposit Insurance Corporation and willfully over-valuing security for the purpose of influencing an action of the FDIC.  The relevant part of the indictment reads:


**[Please read Counts Five and Six of the Indictment]**


The relevant statute on this subject is section 1014 of Title 18 of the United States Code. It provides:

Whoever knowingly makes any false statement or report, or willfully overvalues any ... security, for the purpose of influencing in any way the action of . . . the Federal Deposit Insurance Corporation . . . upon any application  . . . or loan... or any change or extension ...of the same [shall be guilty of a crime].

---

Sand, Instruction 37-15, adapted.

PROPOSED INSTRUCTION NO. 18

Purpose of the Statute

The essence of the crime is the making of a false statement in an application for a loan or in connection with an outstanding loan for/with the purpose of influencing in any way the action of the FDIC. It is not dependent upon the accomplishment of that purpose.  The law focuses on the application and the statements contained therein. Thus, it requires that such statements which have the capacity of influencing in any way the action of the FDIC be accurate.

The statute does not require proof that the FDIC's officials relied upon the allegedly false statements. It has nothing whatsoever to do with defrauding the FDIC,  or whether or not the FDIC, is actually defrauded. Similarly, the statute has nothing to do with defrauding the government. Thus, it is of no consequence whether or not the loan application was granted, or whether an outstanding loan was compromised, or, if granted or compromised, whether the FDIC suffered no loss. The fact that no pecuniary losses may have been sustained by the the FDIC is not relevant under this law.

_____

Sand, Instruction 37-16, adapted.

26

PROPOSED INSTRUCTION NO. 19

Elements of the Offense

In order to prove the defendant guilty of the crime charged in Count Seven of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made or caused to be made a false statement or report, or willfully overvalued a security, relating to an application or loan, or any change or extension thereof, to the Federal Deposit Insurance Corporation;

Second, that the defendant acted knowingly; and

Third, that the false statement or report was made for the purpose of influencing in any way an action of the FDIC.

_____

Sand, Instruction 37-17.

27

PROPOSED INSTRUCTION NO. 20

### First Element-Defendant Made False Statement

The first element that the government must prove beyond a reasonable doubt is that the defendant made or caused to be made a false statement or report relating to an application or loan, or willfully overvalued a security to the FDIC.

The first thing that the government must prove to satisfy this element is that an application or request was made to the FDIC in connection with an outstanding loan. The second thing the government must prove is that a false statement or representation was made relating to the application or request.

It is not necessary for the government to prove that the defendant personally made or physically wrote the statement or representation. It is sufficient to satisfy this element if the government proves that the defendant caused the statement or representation to be made and if the statement or representation was untrue when made.

If you find that the defendant did not make the statement or representation or cause it to be made, or if you find that the statement was not false, or if you have a reasonable doubt as to either aspect of this element, then it is your duty to acquit.

---

Sand, Instruction 37-18 adapted

PROPOSED INSTRUCTION NO. 21

<u>Second Element: Statement Knowingly Made</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant "knowingly" made the statement or representation which you found to be false. It is not a crime to make a false statement inadvertently or negligently. Thus, before you can find that the government has established the second element, that the defendant acted knowingly, you must be satisfied beyond a reasonable doubt that the defendant, in making or causing the statement to be made, acted deliberately, intentionally, and understandingly; that is, that he knew what he was doing; that he knew the statement was false at the time it was made.

---

Sand, Instruction 37-19.

PROPOSED INSTRUCTION NO. 22

<u>Third Element-Purpose of the Statement</u>,

The third element the government must establish is that the defendant made or caused such false statement or representation to be made "for the purpose of influencing in any way" the FDIC's action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making the false statement. Thus, to act "for the purpose of influencing" the FDIC means that the person making the false statement or representations intended that the FDIC take action, or fail to take action, based on that statement.

As I previously instructed you, the government is not required to prove that the FDIC actually relied upon the alleged false statement.

_____

Sand, Instruction 37-20, adapted

30

PROPOSED INSTRUCTION NO. 23


A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.


Respectfully Submitted,

JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY


THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, CT 06103
Tel. (860) 947-1101
Federal Bar No. ct03467


JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct00360

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within and foregoing has been hand-delivered this 10th

day of January, 2006 to:

Hugh F. Keefe, Esq.
Nicole Fournier Gelston, Esq.
Lynch, Traub, Keefe, & Errante
52 Trumbull Street
New Haven, Connecticut 06510

_____
THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY

JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY