UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL No.: 3:03CR3 (EBB) |
| | : | |
| v. | : | January 24, 2006 |
| | : | |
| ANTHONY D. AUTORINO | : | |

**UNITED STATES' AMENDED PROPOSED JURY INSTRUCTIONS**
**COUNT FOUR BANK FRAUD**

The United States, by and through the undersigned Assistant United States Attorneys, hereby submits the following amended proposed jury instruction relating to Count Four of the Indictment charging bank fraud.

Respectfully Submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, CT 06103
Tel. (860) 947-1101
Federal Bar No. ct03467

JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct00360

PROPOSED AMENDED INSTRUCTION NO. 1

<u>Indictment and Statute: Count Four</u>

The defendant is charged in Count Four of the Indictment with devising a scheme to defraud the Federal Deposit Insurance Corporation (FDIC), which was acting as a financial institution in connection with the acts charged therein. This part of the indictment reads:

**[Please read Count Four of the Indictment]**

The relevant statute on this subject is Section 1344 of Title 18 of the United States Code. It provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises shall be [guilty of a crime].

---

Sand, Instruction 44-8; 18 U.S.C § 1344.

2

PROPOSED AMENDED INSTRUCTION NO. 2

<u>Count Four - Elements of the Offense</u>

In order for the government to satisfy its burden of proof, and for you to find the defendant guilty of Count Four, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme to obtain money or funds owned by or under the custody or control of a financial institution (the Federal Deposit Insurance Corporation as Receiver for Central Bank in this case) by means of materially false or fraudulent pretenses, representations or promises, as charged in the indictment; and

Second, that the defendant executed or attempted to execute the scheme with the intent to defraud the Federal Deposit Insurance Corporation

Third, that at the time of the execution of the scheme, the FDIC was acting as a financial institution.

If you find that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Four, then you must find defendant not guilty on this count.

---

Sand, Instruction 44-9, adapted.

3

PROPOSED AMENDED INSTRUCTION NO. 3

<u>Count Four - First Element: Scheme to Defraud</u>

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a the FDIC by means of false or fraudulent pretenses, representations or promises as described in the indictment. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

The fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts. The representations which the government charges were made as part of the scheme are set forth in paragraph 17 of the indictment, which I have already read to you. It is not required that every

4

misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme

---

Sand, Instruction 44-10.

PROPOSED AMENDED INSTRUCTION NO. 4

<u>Count Four - Second Element: Intent to Defraud</u>

The second element the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme knowingly, willfully and with specific intent to defraud the FDIC.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence,

if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

---

Sand, Instruction 44-11.

PROPOSED AMENDED INSTRUCTION NO. 5

<u>Count Four - Third Element: Acting as a Financial Institution</u>

The third element the government must prove beyond a reasonable doubt is that the FDIC was acting as a financial institution as receiver for Central Bank at the time of the execution of the alleged scheme to defraud. As to the last element, there is no issue since a stipulation was entered into in which the parties agree that the FDIC was acting as a financial institution at the time in question.

---

Sand, Instruction 44-12.

Respectfully Submitted,

JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY

THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, CT 06103
Tel. (860) 947-1101
Federal Bar No. ct03467

JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct00360

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within and foregoing has been hand-delivered this 24th day of January, 2006 to:

Hugh F. Keefe, Esq.
Nicole Fournier Gelston, Esq.
Lynch, Traub, Keefe, & Errante
52 Trumbull Street
New Haven, Connecticut 06510

THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY

JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY